UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

26cr 152 DWF/ECW

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTIAN JEREMIAH CASTRO,

Defendant.

**INDICTMENT**

18 U.S.C. § 1001

A true printed copy in 8 sheet(s) of the electronic record filed on 9-2-2026 in the United States District Court for the District of Minnesota.
CERTIFIED, 9-4, 2026
Kate M. Fogarty, Clerk
BY: [signature]
Deputy Clerk

THE UNITED STATES GRAND JURY CHARGES THAT:

At all times relevant to this Indictment:

1. Christian Jeremiah CASTRO (CASTRO) was employed as a Deportation Officer (DO) with Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO). CASTRO held that position beginning in or around September 2025. Prior to employment with ICE, CASTRO was a Border Patrol Agent with the Department of Homeland Security (DHS) for approximately eight years.

2. J.S.-C. was a 24-year-old resident of the upper apartment of a duplex located on 24th Avenue North, Minneapolis, Minnesota ("the Duplex Residence"), and a citizen of Venezuela. J.S.-C. was I.M.-C.'s boyfriend.

3. I.M.-C. was 23-year-old resident of the upper apartment of the Duplex Residence and a citizen of Venezuela. I.M.-C. was J.S.-C.'s girlfriend and the mother of a Minor Victim 1.

SCANNED
SEP 0 2 2026
U.S. DISTRICT COURT MPLS

4. Minor Victim 1 was a 1-year-old resident of the Duplex Residence and a citizen of the United States. I.M.-C. is Minor Victim 1's mother.

5. A.A. was a 26-year-old resident of the Duplex Residence and a citizen of Venezuela. A.A. was V.T.-M.'s boyfriend and Minor Victim 2's father.

6. V.T.-M. was a 19-year-old resident of the Duplex Residence and a citizen of Venezuela. V.T.-M. was A.A.'s girlfriend and Minor Victim 2's mother.

7. Minor Victim 2 was a 1-year-old resident of the Duplex Residence, a citizen of the United States, and the child of V.T.-M. and A.A.

8. On or about January 14, 2026, CASTRO and his partner, while working as Deportation Officers, attempted to stop a vehicle driven by A.A. A.A. continued driving, and CASTRO pursued A.A. A.A. stopped his vehicle and ran from CASTRO on foot. CASTRO pursued A.A. on foot and attempted to apprehend A.A. in the front yard of the Duplex Residence. As A.A. was struggling with CASTRO, J.S.-C. attempted to assist A.A. The physical interaction between A.A., J.S.-C., and CASTRO lasted approximately eleven seconds.

9. A.A. was able to free himself from CASTRO's grasp, and both A.A. and J.S.-C. ran to the front door of the Duplex Residence. As they entered the residence and began to close the front door, CASTRO stood up, drew his service weapon, and fired a single shot through the front door. The bullet struck J.S.-

C. in the leg, continued through the entryway, and lodged in the wall of the downstairs apartment of the Duplex Residence. The gunshot wound to J.S.-C.'s leg required medical treatment. A.A. was standing next to J.S.-C. when CASTRO fired the bullet from his service weapon, but A.A. was not hit by the bullet.

10. V.T.-M.; her one-year-old child, Minor Victim 2; I.M.-C.; and her one-year-old child, Minor Victim 1, were all inside the Duplex Residence at the time CASTRO fired the shot through the front door of the Duplex Residence.

11. After the shooting, on or about January 14, 2026, CASTRO told a Special Agent with the Federal Bureau of Investigation (FBI) during an interview that as he attempted to handcuff A.A., an unknown man grabbed a red broom off the front porch (of the Duplex Residence) and started hitting CASTRO with the red broom. CASTRO said that while scuffling on the ground, a third unknown man came out of the house, grabbed a black snow shovel from the front porch, and hit CASTRO with the snow shovel. CASTRO stated A.A. wiggled out of his sweater, stood up, and started hitting CASTRO with the red broom, while CASTRO was still on the ground. CASTRO said that he tried to block strikes from the broom to his face with his left hand and reached for his gun. CASTRO said the men dropped the broom and the snow shovel, turned, and started running towards the house. CASTRO said that he lifted his back off the ground and fired one round from his gun in the general direction of the

men at the same time they started running. CASTRO said that he believed he was on the ground fighting with the man he tried to apprehend for approximately three minutes.

12. Paragraphs 1 through 11 of this Indictment are realleged and incorporated into each count as though fully set forth therein.

**COUNT 1**
**(Materially False Statement)**

On or about January 14, 2026, in the State and District of Minnesota, the defendant,

**CHRISTIAN JEREMIAH CASTRO,**

did knowingly and willfully make a materially false and fictitious statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to an agent of a federal law enforcement agency, to wit: CASTRO stated to the FBI that an unknown male grabbed a red broom off the front porch and started hitting CASTRO with the red broom.

This statement and representation was false because, as CASTRO then and there knew, the following facts were actually correct: No person struck CASTRO with a broom at that time and place.

All in violation of Title 18, United States Code, Section 1001(a)(2).

**COUNT 2**
**(Materially False Statement)**

On or about January 14, 2026, in the State and District of Minnesota, the defendant,

**CHRISTIAN JEREMIAH CASTRO,**

did knowingly and willfully make a materially false and fictitious statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to an agent of a federal law enforcement agency, to wit: CASTRO stated to the FBI that a third unknown male came out of the house, grabbed a black snow shovel from the front porch, and hit CASTRO with the snow shovel.

This statement and representation was false because, as CASTRO then and there knew, the following facts were actually correct: No third person was involved, and no person struck CASTRO with a snow shovel at that time and place.

All in violation of Title 18, United States Code, Section 1001(a)(2).

**COUNT 3**
**(Materially False Statement)**

On or about January 14, 2026, in the State and District of Minnesota, the defendant,

**CHRISTIAN JEREMIAH CASTRO,**

did knowingly and willfully make a materially false and fictitious statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to an agent of a federal law enforcement agency, to wit: CASTRO stated to the FBI that the person he was trying to apprehend started hitting CASTRO with the red broom, while CASTRO was still on the ground.

This statement and representation was false because, as CASTRO then and there knew, the following facts were actually correct: No person struck CASTRO with a broom at that time and place.

All in violation of Title 18, United States Code, Section 1001(a)(2).

**COUNT 4**
**(Materially False Statements)**

On or about January 14, 2026, in the State and District of Minnesota, the defendant,

**CHRISTIAN JEREMIAH CASTRO,**

did knowingly and willfully make materially false and fictitious statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, to an agent of a federal law enforcement agency, to wit: CASTRO stated to the FBI that he tried to block strikes from the broom to his face with his left hand, and the men then dropped the broom and the snow shovel, turned, and started running towards the house.

These statements and representations were false because, as CASTRO then and there knew, the following facts were actually correct: No person struck CASTRO with a broom as he described, and no persons wielded the broom and snow shovel as he described.

All in violation of Title 18, United States Code, Section 1001(a)(2).

**COUNT 5**
**(Materially False Statement)**

On or about January 14, 2026, in the State and District of Minnesota, the defendant,

**CHRISTIAN JEREMIAH CASTRO,**

did knowingly and willfully make a materially false and fictitious statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to an agent of a federal law enforcement agency, to wit: CASTRO stated to the FBI that he lifted his back off of the ground and fired one round from his gun in the general direction of the men at the same time they started running toward the house. This statement and representation was false because, as CASTRO then and there knew, the following facts were actually correct: CASTRO was not seated or lying on his back when he discharged his firearm toward the fleeing men, but rather was standing.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 6
## (Materially False Statement)

On or about January 14, 2026, in the State and District of Minnesota, the defendant,

**CHRISTIAN JEREMIAH CASTRO,**

did knowingly and willfully make a materially false and fictitious statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to an agent of a federal law enforcement agency, to wit: CASTRO stated to the FBI that he believed he was on the ground fighting with the man he tried to apprehend for approximately three minutes.

This statement and representation was false because, as CASTRO then and there knew, the following facts were actually correct: The interaction described by CASTRO occurred over a period of approximately eleven seconds.

All in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL

UNITED STATES ATTORNEY

FOREPERSON